United States District Court
Southern District of Texas
**ENTERED**
April 28, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| VIRGINIA  MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-261 |
| | § | |
| OFFICER  WELLS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMIORANDUM AND ORDER

This is a *pro se*, IFP lawsuit filed by Virginia Martinez on September 21, 2015.  It appears from her 8-page handwritten complaint that the basis for the lawsuit is a dispute that began in 2010, when Martinez alleges that "Galveston Permit Person Ms. Wells" issued Martinez a citation because she was renting out her garage as a living space. Dkt. 1.  On January 22, 2016, Martinez filed a second lawsuit based upon these facts, Cause No. 3:16-cv-00019.  That case has now been consolidated into this lawsuit.

The Court has reviewed the allegations made by Martinez, and has reviewed the docket and proceedings in this case.  Based upon the pleadings, the docket sheet, and the following analysis, the Court hereby **ORDERS** that this case be **DISMISSED***, without prejudice*.

### A. **Dismissal dismissed under 28 U.S.C. § 1915.**

The Court *sua sponte* addresses whether Martinez's suit should be dismissed under § 1915.  Section 1915 allows an indigent plaintiff to file suit in federal court and proceed in forma pauperis ("IFP"), and without prepayment of fees or security. 28 U.S.C.

§ 1915(a)(1). However, the ability to proceed IFP is not without limitations. "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Accordingly, § 1915(e)(2)(B) requires a court to dismiss an IFP lawsuit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if it lacks an arguable basis either in law or in fact. *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). *Pro se* complaints are liberally construed in favor of the plaintiff, but district courts are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). When reviewing Martinez's claims under § 1915(e)(2)(B), this Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Furthermore, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

The Court finds that Martinez fails to state a valid claim against the Defendants in this case for the following reasons. First, the Defendants are City of Galveston employees

who are being sued for acts taken in their official capacity to enforce city ordinances in Galveston. Martinez does not allege any specific violations of federal statutes or her Constitutional rights. Martinez does not allege that the City ordinances themselves are unconstitutional. Nor does she allege any basis for the exercise of federal jurisdiction. Other than asking that this Court administer a lie detector test, Martinez does not specifically ask for any relief. Finally, the Court notes that many of the allegations relate to events that Martinez states occurred after Hurricane Ike, which hit Galveston Island in September 2008.

Accordingly, the Court finds that this lawsuit should be dismissed under § 1915(e).

**2.  Martinez's lawsuit should also be dismissed under Rule 41(b).**

Federal Rule of Civil Procedure Rule 41(b) also allows this Court to dismiss this lawsuit due to Martinez's failure to prosecute her claims and her failure to heed Court orders.  The Court has repeatedly admonished Martinez to serve all defendants, and to then file proof of service with the Court.  Nonetheless, it appears from the docket sheet that proper service under the Federal Rules has not been made upon all of the defendants, and that Martinez has not complied with the Court's order that she file proof of service of the summons and the complaint for each defendant with the Court.  *See* FED. R. CIV. P. 4(*ℓ*)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

On April 6, 2016, during a hearing at which Martinez appeared, the Court admonished Martinez, alerted her to the many deficiencies in her pleadings, and

instructed her to serve all of the defendants by April 20, 2016 and file proof of service. Martinez has failed to follow the Court's instructions, and she has not filed proper proof of service, nor has she cured the problems with her pleadings.

Accordingly, the Court finds that this lawsuit should be dismissed, without prejudice.

Such dismissal is without prejudice, and each party is to bear its own costs.

A final judgment shall be entered separately.

SIGNED at Galveston, Texas on April 28, 2016.

_George C. Hanks Jr_
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE